IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUY JONES, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-13-2414 |
| § | |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| FKA THE BANK OF NEW YORK § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendant The Bank of New York Mellon, F/K/A Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., incorrectly named as The Bank of New York Mellon FKA the Bank of New York ("BONY Mellon" or Defendant) Motion for Summary Judgment (Document No. 13), in which Defendant seeks dismissal of Plaintiff Guy Jones's Original Petition because all of Plaintiff's claims are time-barred by Texas's four-year residual statute of limitations. Plaintiff Guy Jones ("Jones" or "Plaintiff") responded to the Motion and filed a Cross-Motion for Summary Judgment. (Document No. 15). Defendant filed a Reply in Support of its Motion for Summary Judgment, and Opposition to Plaintiff's Cross-Motion for Summary Judgment. (Document No. 16). Having considered the parties' submissions and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 13) be GRANTED and that Plaintiff's Original Petition be

dismissed with prejudice.

**I. Undisputed Facts**

Jones owns a home at 7025 East Alpine, Houston, TX 77061. (Plaintiff's Original Petition and Request for Disclosures, Attached at Exhibit A-2 to Defendant's Notice of Removal, Document No. 1, hereinafter, Original Petition, p. 3 ¶11). On or about June 4, 2003, Jones obtained a home equity loan from Aames Funding Corp. (Original Petition, p. 3 ¶12, & Exhibits A & B thereto). On March 22, 2013, Jones sent Defendant a letter contending that the issuance of the home equity loan violated several provisions of the Texas Constitution Art. XVI, § 50(a)(6). In particular, Plaintiff states that the fees and charges of $3,957.00 was greater than three percent of the loan amount, in violation of Section 50(a)(6)(E). Plaintiff further states that he did not receive a copy of the final loan documents, in violation of Section 50(a)(6)(Q)(v); that he did not receive an acknowledgment of the three-day right to rescind document, in violation of Section 50(a)(6)(Q)(Viii); and that he and lender did not execute a notarized acknowledgment as to the fair- market value of the property,in violation of Section 50(a)(6)(Q)(ix). (Original Petition, p. 3-5 ¶13 (1)-(5)). Jones requested that Defendant cure the alleged violations outlined in the Notice of Request to Cure within 60 days. (Original Petition, p. 3 ¶14). Jones that Defendant has not cured the alleged defects. (Original Petition, p. 6 ¶15). On June 27, 2013, he initiated suit in the 55th District Court of Harris County, Texas, Cause No. 2013-38430, seeking to stop the scheduled home equity foreclosure of his property by Defendant because of the aforementioned alleged constitutional violations. Jones seeks a declaratory judgment that Defendant failed to cure the alleged Constitutional defects in the loan documents, that the mortgage lien is noncompliant with the Texas Constitution and therefore void, and that Defendant should forfeit all principal and interest on the Note. Jones states that Defendant's

ability to foreclose under the Deed of Trust expired in 2009. (Original Petition, p. 6-7, ¶17-20). Jones also alleges that Defendant breached the Deed of Trust by failing to cure its violations of the Texas Constitution within the 60 days period allowed by the Texas Constitution after Plaintiff's March 22, 2013, request, and that Defendant unlawfully placed a cloud on his title by claiming a right to foreclose on the property. (Original Petition, pp. 7-9, ¶21-30). Plaintiff also seeks a permanent injunction preventing Defendant from entering and taking possession of the Property or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Property, proceeding with or attempting to sell or foreclose upon the Property, attempting to purchase, transfer, assign or collect on the Mortgage, and charging Plaintiff's account for attorney's fees in connection with the action. Additionally, Plaintiff seeks attorney fees incurred in this action. (Original Petition, pp. 9-11, ¶31-39). On August 16, 2013, Defendant timely removed the case to this Court on the basis of diversity. (Document No. 1). Thereafter, on May 8, 2014, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff is not entitled to relief because all of his claims are time- barred. (Document No. 13).

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law governing the claim at issue determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City*

3

*of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324.

### III. Discussion

Defendant contends that it is entitled to summary judgment because Jones's claims are barred by Texas's residual four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.051 (West 2008)("Every action for which there is no express limitations period, except for an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). Defendant relies on a decision by the Fifth Circuit Court of Appeals in *Priester v. J.P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir.), *cert. denied*, 134 S.Ct. 196 (Oct. 7, 2013), in which the Fifth Circuit held that the four-year statute of limitations period applies to constitutional violations under § 50(a)(6). Like Jones, the plaintiffs in *Priester* attempted to invalidate a home equity loan on the grounds that the loan was in violation of several provisions of § 50(a)(6). *Id.* at 671. The Priesters obtained a home equity loan in November 2005 but waited until

4

July 2010 to send a letter to the mortgage company outlining several constitutional deficiencies that allegedly occurred when they closed their home equity loan. *Id.* In October 2010, the Priesters sued various defendants in state court for declaratory judgment, arguing that under the Texas Constitution, the loan and accompanying lien on the property were "void ab initio"; that the defendants failed to cure the constitutional violations; and that, due to this failure to cure, the defendants were required to forfeit all principal and interest. *Id.* at 672. The Defendants removed the matter to federal court and moved to dismiss the action as time- barred under the four-year statute of limitations. The Fifth Circuit, applying Texas law, observed that, while the Texas Supreme Court had not addressed whether the residual-limitations period applied to defects in homestead liens, two Texas courts of appeals had considered the applicability of the residual-limitations period to defects in homestead liens, and both concluded the residual statute applied. *Id.* at 673-674. In addition, the Fifth Circuit cited other Texas cases applying the residual-limitations period to other types of state constitutional-related claims. *Id.* at 675. The Fifth Circuit further found it persuasive that the Texas Supreme Court had characterized liens created in violation of § 50(a)(6) as voidable rather than void. In addition, it cited an earlier Fifth Circuit case in which the Court affirmed a judgment that the residual-limitations period applies to claims under Section 50(a)(6), and to numerous district and bankruptcy courts that likewise had applied the four-year limitations period. Based on the above, the Fifth Circuit held that a limitations period applies to constitutional infirmities under Section 50(a)(6). *Priester,* 708 F.3d at 673-674.

Next, the Fifth Circuit addressed the timing of when a claim accrues for purposes of § 50(a)(6). The Fifth Circuit wrote:

> Having determined that limitations applies, we must address when the claim accrues.

5

Generally, under Texas law, "[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). This accrual rule is referred to as the "injury rule."

An alternative is the "discovery rule." "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W. 3d 732, 734 (Tex. 2001). The discovery rule is a "very limited" exception and will be applied only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." Id. The Texas courts have set the "inherently undiscoverable" bar high, to the extent that the discovery rule will apply only where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured. *See S.V. v. R.V.*, 933 S.W.2d 1, 6-7 (Tex. 1996).

The Priesters argue that some version of the discovery rule, rather than the injury rule, should apply here. They contend that the period runs at the notice of demand for cure of the constitutional deficiencies or failure to cure.

The Texas courts that have addressed this issue have applied the injury rule rather than the discovery rule and have held that limitations begins to run at the closing of a lien. In Rivera, the court concluded that "the legal injury occurred when [the lender] made a loan" violating the Texas Constitution. *Rivera*, 262 S.W. 3d at 840. Similarly, the court in *Schanzle*, 2011 WL 832170, at *4, held that the period of limitations is "calculated from the date of closing on the loan."

The district court in *Boutari*, which this court upheld, adopted the finding and recommendation of the MJ that the "four-year limitation period [] commenced when the home equity loan in question closed." *Boutari*, 2010 U.S.Dist. Lexis 144094, at *27. The district courts have applied the injury rule rather than the discovery rule in every case in which they have applied limitations to Section 50(a)(6) violations.

We therefore conclude that the legal injury rule applies to the creation of unconstitutional liens. Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by allowing parties to wait many years to demand cure. The injury occurred when the Priesters created the lien, and there was nothing that made the injury undiscoverable. The Priesters knew that the closing documents were signed in their living room and that they were not given notice of their rights. A lack of knowledge that that was a violation of the

>law is insufficient to toll limitations. This is not one of the "rare" instances in which the discovery rule applies–the injury is certain to be "discovered within the prescribed limitations period."

*Id.* at 675-676. "*Priester's* holding applies to §50(a)(6) in its entirety." *Prutzman v. Wells Fargo, N.A.*, No. H-12-3265, 2013 WL 4063309 (S.D. Tex. Aug. 12, 2013); *See Ausmus v. Deutsche Bank Trust Co. Nat. Ass'n*, No. 3:13-CV-148, 2013 WL 3938515, at *3 (S.D.Tex. July 29, 2013) ("The language of *Priester* is broad enough to subject all alleged violations of section 50(a)(6)'s numerous subsections to the residual limitations period ... and there is no principled basis for distinguishing the various subsections for limitations purposes.")

Applying the Fifth Circuit's holding in *Priester*, Defendant argues that it is undisputed that Plaintiff's lien was created on the date he closed on his home equity loan, June 4, 2003, and that the statute of limitations expired four years later, on or about June 4, 2007, and that Plaintiff waited until June 27, 2013, to file his law suit. In addition, Defendant contends that applying the discovery rule to extend the limitations period, as Plaintiff suggests, is contrary to *Priester's* clear holding. Defendant contends that Plaintiff had all the information he needed to discover the alleged constitutional violations when he signed his home-equity loan and, therefore, this is not a situation where equitable tolling applies because there has been no showing that Plaintiff has been actively misled by Defendant about the facts giving rise to his claims. Finally, Defendant argues that Plaintiff's claims for breach of the Deed of Trust and to quiet title are derivative claims based solely on his time-barred allegations, and should also be dismissed.

Plaintiff argues that *Priester* was wrongly decided and should not be followed. Plaintiff maintains that, had the Texas Supreme Court considered the same issue, it would have reached a different result, namely that loans that violate the Texas Constitution are *void ab initio*, not voidable.

Plaintiff argues that the residual-limitations statute does not apply and instead the "recovery of real property" exception applies and his deed is void. Plaintiff also argues that he could not have discovered Defendant's alleged misconduct any earlier than March 13, 2013, which was the date his counsel performed an in-depth review of all documents relating to the Property and determined that the issuance of the home-equity loan violated several provisions of the Texas Constitution. (Original Petition, p. 11 ¶42). Plaintiff further argues that the statute of limitations does not apply if §50(a)(6) is raised defensively, and that the accrual date is when the bank refused to cure the alleged defects.

The Magistrate Judge concludes the analysis and holding in *Priester* defeats Plaintiff's claims. Notwithstanding Jones's arguments about *Priester*, the law is clear that decisions by the Fifth Circuit are binding precedent on this Court, and in the absence of subsequent Texas Supreme Court authority that directly contradicts the holding in *Priester*, *Priester* applies in the instant action. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001)("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders our prior decision clearly wrong."). The Fifth Circuit Court of Appeals recently re-affirmed its holding in *Priester*. In *Moran v. Ocwen Loan Servicing, L.L.C.*, ___Fed. Appx..___, 2014 WL 1193510 (5th Cir. Mar. 24, 2014), the Fifth Circuit wrote: "we have no occasion to revisit *Priester*," and denied the Morans' motion to certify questions to the Texas Supreme Court. *Id.* at *2. In *Moran*, the Morans, like Jones, argued that *Priester* was wrongly decided and was contrary to Texas law, that the four-year residual statue of limitations does not apply if §50(a)(6) is raised defensively,[1] and their cause of action

---

[1] Texas law provides that "[i]f a counter-claim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on

8

accrued when the bank refused to cure the purported constitutional defects. Applying *Priester*, the Fifth Circuit rejected the Morans' arguments and affirmed the dismissal of the Morans' claims as time-barred. *Moran*, 2014 WL 1193510, at *2-3. Moreover, other federal district courts considering challenges to *Priester* like the ones raised by Plaintiff have found *Priester* controlling authority and applied it to claims brought under §50(a)(6). *See Sigaran v. U.S. Bank Nat. Ass'n*, ___Fed.Appx.___, 2014 WL 1688345, *4 (5th Cir.Apr. 30, 2014); *Taylor v. U.S. Bank Nat. Ass'n*, Civ. No. H-13-3783, 2014 WL 1703936, *2-4 (S.D.Tex. Apr. 29, 2014): *Valladolid v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-0965-K, 2014 WL 1303003 (N.D.Tex. Apr. 1, 2014); *McDonough v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930, at *2-3 (S.D.Tex. May 13, 2013)(applying *Priester* to plaintiffs' section 50(a)(6) claims and holding that the suit was barred by the four-year residual limitations period); *Underwood v. Wells Fargo Bank, N.A.*, No. 4:12-3437, 2013 WL 3788094 (S.D.Tex. July 18, 2013); *Skinner v. Wells Fargo Bank, N.A.* 4:13-2613, 2013 WL 5781244 (S.D.Tex. Oct. 25, 2013); *see also Williams v. Wachovia Mortgage Corp.*, 407 S.W.3d 391 (Tex.Ct. App.-Dallas 2013) *rev. denied* Feb. 14, 2014) (finding the Fifth Circuit's analysis in *Priester* "persuasive" and affirming trial court's grant of summary judgment in favor of lender on grounds that claims arising under §50(a)(6) of the Texas Constitution were barred by the four-year statute of limitations).

The undisputed facts shows that Plaintiff's alleged constitutional violations and injury occurred on June 4, 2003, when he executed the Note and Deed of Trust. It was on this date that he

---

the date the party's answer is required." Tex. Civ.Prac. & Rem.Code Ann. §16.069; *See Sigaran v. U.S. Bank Nat. Ass'n*, 2014 WL 1688345 *4 (5th Cir. Apr. 30, 2014). In the instant action, Jones has not brought a counterclaim against Defendant. Rather, he has brought a separate action barred by the four-year statute of limitations. *Cf. First Bank of Roxton v. Shackles (In re Shackles)*, No. 11-43075, 2013 WL 5348879, at *7-8 (Bankr.E.D.Tex. Sept. 23, 2013).

knew (1) whether the fees and charges exceeded three percent of the loan amount, (2) whether he received a copy of the final loan documents, (3) whether he signed an acknowledgment of the three-day right to rescind, and (4) whether he and the lender executed an acknowledgment as to the fair-market value of the property on the date the extension of credit was made. Equitable tolling should not apply to suspend the running of limitations after accrual because, even though Plaintiff may not have known the law when he entered into the home- equity loan, there is no evidence that he was not aware of all the facts or that he was prevented from suing within the statutory- limitations period due to inequitable circumstances. There is no evidence that Defendant actively misled him about the facts giving rise to his injury. Plaintiff knew he was getting a home-equity loan and he could have reviewed Texas law on home-equity loans or sought legal counsel prior to signing. In conclusion, Plaintiff's claims on these alleged constitutional violations were required to be filed within four years after the alleged injuries occurred on June 4, 2003. The four years expired on June 4, 2007, and the claims were barred after this date.

As for Plaintiff's claim for breach of the Deed of Trust based on Defendant's failure to cure the alleged constitutional violations set forth in the March 13, 2013, Notice of Request to Cure, and his claim seeking to quiet title, the Magistrate Judge concludes that Plaintiff is not entitled to relief since both allegations are premised on his time-barred claims for alleged constitutional violations. *See Nunez v. CitiMortgage, Inc.*, No. A-14-CA-89-SS, 2014 WL 819463, at *3 (W.D.Tex. Mar. 3, 2014); *Skinner*, 2013 WL 5781244, at *3; *Underwood*, 2013 WL 3788094, at *2. As noted in *Priester*, "to the extent that a constitutional claim under Section 50(a)(6) renders a lien voidable rather than void, once the period of limitations has passed, the lien is no longer voidable and is valid .... the lien becomes valid after the period of limitations passes, so the harm is, in effect, erased."

*Priester*, 708 F.3d at 678. Thus, when Plaintiff sent the Notice to Cure Plaintiff's constitutional claims were already "in effect, erased," and therefore Defendant had no obligation under the Constitution or derivatively, under the Deed of Trust, to effect a "cure."

Jones's breach- of- contract claim is also barred by §16.051's four-year statute of limitations. *See Phelps v. U.S. Bank Natl. Ass'n,* No. 2:13-CV-361, 2014 WL 991803, at *4 (S.D.Tex. Mar. 13, 2014) (holding that the residual four-year statute of limitations of §16.051 applies to breach- of- contract claims under Texas law and dismissing with prejudice breach- of -contract claim that was filed nearly one-year after four-year statute of limitations expired). As for Jones's argument that his cause of action accrued when he mailed the notice of the constitutional violations to Defendant and that Defendant failed to cure, as required by the Texas Constitution, *Priester* instructs that even under a contract "'[w]here a demand is a condition precedent to suit, the plaintiff may not, by failing or refusing to perform the condition, toll the running of the statute and reserve for [herself] the right to sue within the statutory period from such time as [she] decides to make a demand.'" *Priester*, 708 F.3d at 676 n. 6 (quoting *Aetna Cas. & Sur. Co. v. State*, 86 S.W.2d 826, 831 (Tex.Civ.App.-Fort Worth 1935, writ dism'd)). Rather, "it is the general rule that in such a case a demand must be made within a reasonable time after it may be lawfully made.'" *Id.* (quoting *Aetna*, 86 S.W.2d at 831). With respect to measuring the reasonable time, *Priester* instructs that the reasonable time period relates to the statute of limitations. *Id.* As such, Jones's purported breach- of- contract occurred at the loan's closing, more than ten years before Jones filed his Original Petition. *See Phelps*, 2014 WL 991803, at *4 ("With respect to breach -of -contract, the cause of action accrues at the time of the breach."). Similarly, because Defendant had a valid lien on the Property, its initiation of foreclosure proceedings did not unlawfully place a cloud on Plaintiff's title. *See Applin*

11

*v. Deutsche Bank Nat. Trust*, No. H-13-2831, 2014 WL 1024006 (S.D.Tex. Mar. 17, 2014)(applying *Priester* and dismissing quiet- title claim as time-barred).

As for Jones's request for injunctive relief, the law is clear that injunctive relief is an equitable remedy, not a cause of action, and a claim for such relief should be dismissed when no substantive legal claims are pled. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D.Tex. Jan. 24, 2013)(citations omitted); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011)(where plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits warranting injunctive relief). Because Jones's underlying claims should be dismissed, his request for injunctive relief should be denied.

In conclusion, applying the Fifth Circuit's decision in *Priester* to the facts alleged in the Original Petition, Plaintiff's claims relating to alleged violations of Article XVI, Section 50(a)(6) of the Texas Constitution are subject to, and barred by, Texas's residual four-year limitations period. Defendant's Motion for Summary Judgment should be granted, and Plaintiff's claims should be dismissed with prejudice and without leave to amend because amendment would be futile.

## V. Conclusion

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 13) be GRANTED and that Plaintiff's claims be dismissed with prejudice and without leave to amend.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D.

Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 25th day of July, 2014

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE