```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

GUY JONES,                        §
                                  §
    Plaintiff/Counter Defendant,  §
                                  §
VS.                               §   CIVIL ACTION NO. H-13-2414
                                  §
THE BANK OF NEW YORK MELLON       §
F/K/A THE BANK OF NEW YORK, AS    §
TRUSTEE FOR CERTIFICATEHOLDERS    §
OF CWABS, INC.,                   §
                                  §
    Defendant/Counter Plaintiff,  §
```

                        OPINION AND ORDER

    Pending before the Court in the above referenced cause, challenging a foreclosure on Plaintiff Guy Jones' ("Jones'") homestead at Site 74 of Garden Villas, 7025 East Alpine, Houston Texas 77061 in Harris County ("the Property"), alleging breach of contract, and seeking to quiet title, removed from state court on diversity jurisdiction, are the following:  (1) Defendant The Bank of New York Mellon, f/k/a Bank of New York, as Trustee for the Certificateholders of CWABS, Inc.'s ("BONY's") motion for summary judgment (instrument #13); (2) Jones' cross motion for summary judgment (#15); (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#21) that #13 be granted; and (4) Counter-Defendant Jones' motion for summary judgment (#23) on Counter-Plaintiff BONY's counterclaims.  No objections have been filed to the Magistrate Judge's memorandum and recommendation.

    After careful review of the briefs, the record of the case, and the applicable law, for the reasons indicated below the Court concludes that BONY's motion for summary judgment (#13) should be

-1-

granted, Jones' cross motion (#15) should be denied, and Jones' motion for summary judgment on BONY's counterclaims (#23) should be denied.

## Standards of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which the nonmovant bears the burden of proof at trial; a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on

which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998).

Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The

Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'"  *Id.*, *quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

Allegations in a plaintiff's complaint are not evidence.  *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only evidence--not argument, not facts in the complaint--will satisfy' the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).  The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial."  *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), *citing Celotex*, 477 U.S. at 324.

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

Findings of the United States Magistrate Judge to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014)*, citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### Jones' Original Petition (#1-1)

On or about June 4, 2003 Jones signed a home equity note in the amount of $131,900.00 and a deed of trust covering the Property in favor of the original mortgage lender, Aames Funding Corporation ("Aames"). BONY is the current owner of that note and deed of trust and claims that it therefore has authority to accept mortgage payments and to foreclose.

"A lien on a homestead can be created only in the manner set out in the [Texas] Constitution." *Hruska v. First State Bank of Deanville*, 747 S.W. 2d 783, 784 (Tex. 1988); *Doody v. Ameriquest Mortgage Co.*, 49 S.S. 3d 342 (Tex. 2001)("a homestead lien that may not have complied with constitutional requirements at the outset can be made valid at a later date" under 1997 amendment cure provision, § 50(a)((6)(Q)(x)[1]). After examining the loan

---

[1] Section 50(a)((6)(Q)(x) states that "except as provided by Subparagraph (xi) of this paragraph, the lender or any holder of

documents, Jones contends that they revealed a number of violations of Texas Constitution Art. XVI § 50(a)(6) and its subsections.  In a certified letter (#11-1, Ex. C) mailed to BONY on March 22, 2012, Jones asserted the following constitutional violations relating to his loan and requested BONY to cure them within sixty days:  (1) Fees and charges for making the loan may not exceed 3% of the loan amount (Tex. Const. Art. XVI § 50(a)(6)(E), or in Jones' case $3,957, followed by a list of specific fees charged to and paid by Jones amounting to $4,074.25; (2) The loan must have provided that borrowers receive a copy of the final loan application and all executed documents signed at closing (Tex. Const. Art. XVI § 50(a)(6)(Q)(v)), but Jones claims that he did not receive copies of the final loan documents; (3) The loan was made on the condition that the owner of the homestead and any spouse of the owner may within three days after the extension of credit is made rescind the extension of credit without penalty or charge (Tex. Const. Art. XVI § 50(a)(6)(Q)(viii)), but Jones argues that he did not sign an acknowledgment of the three-day right to rescind the document, which notifies him of the right to abandon the extension of credit without penalty; and (4) The owner of the homestead and the lender must sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made

---

the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit and fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower of the lender's failure to comply by . . . . [enumeration of various ways to correct constitutional deficiencies]."

(Tex. Const. Art. XVI § 50(a)(6)(Q)(ix), but Jones contends they did not do so or, if Jones did execute one, a copy was not provided to him at closing.

Jones filed this action on June 27, 2012 to stop the foreclosure and served BONY with the original petition on July 23, 2012. He claims that BONY and any other party are barred from accelerating the note and foreclosing on the Property because the four-year statute of limitations in Texas Civil Practice & Remedies Code § 16.035(b) has expired. Jones contends that BONY exercised its option to accelerate the debt in 2005 and claims that after the expiration of the statute of limitations in 2009, BONY is illegally attempting to sell the Property in 2012. While the debt evidenced by the note may still exist, Jones insists it is an unsecured debt and BONY has no right or power to foreclose on the Property.

Jones also alleges that BONY breached the deed of trust in (1) charging fees that exceeded 3% of the loan amount in violation of Tex. Constitution Art. XVI § 50(a)(6)(E); (2) failing to refund or "cure" the overcharged amount within the 60-day period allowed by Art. XVI § 50(a)(6; and (3) violating several regulations required by Art. XVI § 50(a)(6).

Last of all, Jones seeks to remove the cloud imposed by BONY's claim that BONY has a lien for security purposes on the Property and to quiet title to the Property, and claims that he is the undisputed owner by virtue of his recorded deed. Jones maintains that BONY's Notice of Foreclosure is invalid because BONY's uncured constitutional violations have rendered BONY's lien void *ab initio*.

Jones seeks (1) a declaratory judgment that BONY failed to

cure the constitutional violations in the loan, that the mortgage does not comply with the Texas Constitution and is thus void, and that BONY must forfeit all principal and interest on the note; (2) a permanent injunction, and (3) attorney's fees.

In addition Jones argues that the discovery rule should apply to extend the statute of limitations on his claims because he could not discover BONY's misconduct until March 13, 2013 when his attorney reviewed all the loan documents, and so should equitable tolling.

**BONY's Motion for Summary Judgment (#13)**

BONY timely removed the suit on August 16, 2013. BONY argues that Jones' claims of constitutional violations are time-barred by Texas' residual four-year statute of limitations, Tex. Civ. Prac. & Rem. Code § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues")[2] and are governed by the ruling in the on-point case of *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 196 (2013), which is binding on this Court. Moreover BONY contends that Jones' claims of breach of contract, the statute of limitations' bar on

---

[2] *See also Rivera v. Countrywide Home Loans, Inc.*, 262 S.W. 3d 834, 840 (Tex. App.--Dallas 2008, no pet.)("[W]e conclude the legal injury occurred when Countrywide made a loan to the Riveras in excess of the amount allowed by law. . . . Thus, the Riveras' cause of action for Countrywide's violation of [§ 50(a)(6)(B) of home equity provisions of the Texas Constitution] accrued September 28, 2001, the date of closing of the Riveras' home equity loan.")

BONY's foreclosure sale, and suit to quiet title are meritless and derivative and should be dismissed.

## Court's Decision

Because the Court agrees with BONY and the Magistrate Judge that as a matter of law Jones' claims in his Original Petition should be dismissed with prejudice, it does not summarize the parties' various arguments but simply explains the reasons why it grants BONY's motion for summary judgment on Jones' claims.

In *Priester,* 708 F.3d 666, John and Bettie Priester obtained a home equity loan secured by a first lien on their homestead from Long Beach Mortgage Company ("Long Beach") in November 2005. The Priesters claimed the mortgage agreement violated the Texas Constitution because the closing of the loan took place in the Priesters' home and not in an office of an attorney, the lender or the title company. Tex. Const. Art. XVI § 50(a)(6)(N). They also assert that they did not receive notice of their rights twelve days before the closing, as required by the state constitution. Tex. Const. Art. XVI § 50(a)(6)(M)(I). In July 2010 the couple sent a letter to the lender asking it to cure the alleged constitutional deficiencies.[3] Nothing happened because JP Morgan Chase Bank ("Chase") had taken over Long Beach, so the Priesters sent a similar letter to Chase the next month. Again nothing happened. Approximately five years later the Priesters, arguing that the statute of limitations had expired, filed suit against the lender

---

[3] Under Tex. Const. Art. XVI(a)(6)(Q)(x), "a party may give notice of a defect, and the other party has sixty days to cure." 708 F. 3d at 673.

seeking a declaratory judgment that the lien was void and that the mortgage holder must forfeit all principal and interest, as well as alleging a claim for defamation because the bank reported the Priesters' delinquent payments on the Priesters' credit reports on the grounds that they were in default on their mortgage payments. Among numerous submissions, Chase ultimately filed a motion to dismiss the suit as time-barred and the magistrate judge recommended that it be granted. The district court adopted the memorandum and recommendation and dismissed the suit. *Priester v. Long Beach Mortg. Co.*, No. 4:10-CV-641, 2011 WL 6116491 (E.D. Tex. Oct. 13, 2011), *report and recommendation adopted by*, 2011 WL 6116481 (E.D. Tex. Dec. 8, 2011), *aff'd sub nom. Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. Feb. 13, 2013), *cert. denied*, 134 S. Ct. 196 (2013).

On appeal, noting that the Texas Supreme Court has not yet addressed whether the residual limitations period applies to defects in homestead liens, but that two Texas appellate courts had, both supporting that application, as well as numerous district and bankruptcy courts, making an *Erie* guess[4] the Fifth Circuit held

---

[4] Since the Texas Supreme Court has not ruled on this issue of substantive Texas law, the Fifth Circuit, as a federal court sitting in diversity, had to make an "*Erie*-guess", in other words a prediction as to how that court would rule. *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938); *Westlake Petrochems, LLC v. United Polychem, INc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012). "In making an [*Erie*] guess in the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000); *see also Hermann Holdings, Ltd. v. Lucent Tech., Inc.*, 301 F.3d 552, 558 (5th Cir. 2002). The Fifth Circuit may also "consult a variety of sources, including the general rule on the issue,

that § 16.051's four-year statute of limitations applies to claims alleging constitutional violations under Article XVI § 50(a)(6).[5] 708 F.3d at 673-74.  The panel further concluded that limitations begins to run at the closing of the lien (creation of the lien) and that the discovery rule exception does not apply except where it is nearly impossible for the plaintiff to discover his injury.  *Id.* at 675-76.  The appellate court also found that there was no evidence that the defendants used deception to conceal the Priesters' two alleged constitutional violations.  *Id.* at 677.  In addition the panel found the defamation claim to be meritless because the report to the credit agencies was truthful.  It further determined that a constitutional claim under § 50(a)(6) renders a lien voidable rather than void.  Therefore once limitations expired, the lien was no longer voidable and was valid, so the harm was erased and there was no defamation, and the claim was correctly dismissed.

In the instant case after his home equity loan closed, Jones delayed filing suit for ten years.  Nothing made the alleged injury undiscoverable in 2003; rather, he would have to have been

---

decisions from other jurisdictions, and general policy concerns." *Audler v. CBC Inovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008). *See also Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001)("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders our prior decision clearly wrong.").  Not only has the Texas Supreme Court not addressed the *Priester* holding, but as stated by Magistrate Judge Stacy, in *Moran v. Ocwen Loan Servicing, LLC*, 560 Fed. Appx. 277, 279 (5th Cir. Mar. 24, 2014), the Fifth Circuit reaffirmed its holding in *Preiester*.

[5] *See Rivera*, 262 S.W. 3d at 839, and *Schanzle v. JPMC Specialty Mortg., LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *4 (Tex. App.--Amarillo, pet. denied).

immediately aware of (1) what fees were charged since the amount and their nature were stated on his Settlement Statement, (2) whether he was given copies of papers he executed, and (3) whether he was given notice of his rights.

Magistrate Stacy also ruled that because Jones' other claims (i.e., breach of contract, suit to quiet title, and claims for declaratory and injunctive relief) are premised on the time-barred claims of constitutional violations, these, too, should be dismissed.

In addition the magistrate judge correctly concluded that Jones' breach of contract claim also fails because "a party to a contract who is in default cannot maintain a suit for breach of contract" and it is undisputed that Jones defaulted on his mortgage payment. *See, e.g., Gulf Pipe Line Co. v. Nearen*, 138 S.W. 2d 1065, 1068 (Tex. 1940). The evidence further shows that he failed to make his February 1, 2008 payment until August 11, 2008 and made not further payments. The Magistrate Judge also held that as a matter of law, the suit to quiet title claim failed, too, because the statute of limitations expired and thus the bank's lien is valid.

The Court's review of Magistrate Judge Stacy's memorandum and recommendation in its entirety indicates that she has correctly stated the law and applied it to the facts here. Accordingly, the Court adopts the memorandum and recommendation as the Court's own, grants BONY's motion for summary judgment (#13), and denies Jones' cross motion for summary judgment (#15) on all claims against BONY in Jones' Original Petition.

**Jones' Motion for Summary Judgment (#23) on BONY's Counterclaims**

BONY counterclaims for (1) breach of contract (note and security instrument requiring Jones to make monthly payments of principal and interest on the loan); (2) entitlement to judicial foreclosure of BONY's lien under Texas Constitution Art. 16 § 50(a)(6)(D) and Texas Property Code § 51.002; (3) a declaratory judgment that Jones' note and the security instrument remain in full force and effect, that BONY's lien on the Property is valid, with the principal balance of the Note due and payable, and that BONY is entitled to judicial foreclosure and sale of the Property; (4) entitlement to attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001, on Jones' breach of contract claim; (5) an equitable lien against Jones that survives his claim to the Property or value of the Property; and (6) equitable subrogation against Jones that survives his claim to the Property or value of the Property. #19 at pp. 9-11.

Jones' motion claims that even if his claims are time-barred, to foreclose on the Property BONY still must prove that it has a valid lien on the homestead under the Texas Constitution, i.e., that it has complied with all of § 50(a)(6)'s requirements, but it cannot do so given the alleged constitutional violation that fees on the loan should not exceed 3% of the loan amount that Jones has identified in his Original Petition under Texas Constitution Art. XVI § 50(a)(6)(E). Therefore the Property is protected from force sale and BONY's counterclaims should be denied.

**BONY's Response (#29)**

BONY maintains that Jones' allegation is not supported by

legal authority.  Under *Priester*, 708 F.3d at 678, under Texas law the home equity loan, even if the lien was defective when Jones' mortgage was created on June 4, 2003, became valid as a matter of law when the four-year statute of limitations expired on June 4, 2007.  Jones filed this lawsuit on June 27, 2013, ten years after the mortgage originated.  So even if his claims of constitutional deficiencies were correct, the lien was no longer voidable and was valid as of expiration of the limitations period.  *Id.*

Even if Jones' argument were correct, BONY argues that his motion should be denied because BONY has a right of equitable subrogation.  *LaSalle Bank National Assoc. v. White*, 246 S.W. 3d 616, 618-19 (Tex. 2008).[6]  Because the original lender, Aames, paid off two of Jones' other debts when the mortgage originated, BONY is able to step into the shoes of his prior lenders and invoke the right to equitable subrogation.  BONY insists that that right to equitable subrogation, at minimum, presents a genuine issue of material fact, and Jones' motion should be denied.

### Court's Decision

Here, too, the Court concurs with BONY that *Priester* controls and binds this Court to conclude that even if the lien were

---

[6] In *LaSalle*, 246 S.W. 3d at 618-19 (citations omitted), the Texas Supreme Court explained,

> Texas has long recognized a lienholder's common law right to equitable subrogation.  The doctrine allows a third party who discharges a lien upon the property of another to step into the original lienholder's shoes and assume the lienholder's right to the security interest against the debtor.  The doctrine of equitable subordination has been repeatedly applied to preserve lien rights on homestead property.

defective (and the Court concludes it was not) when Jones' mortgage was created on June 4, 2003, it became valid as a matter of law when the four-year statute of limitations expired on June 4, 2007 and that BONY has the right to foreclose on the Property.

### Court's Order

For the reasons stated above, the Court

ADOPTS Magistrate Judge Stacy's memorandum and recommendation (#21) as its own and accordingly

ORDERS that BONY's motion for summary judgment (#13) on Jones' claims against it is GRANTED and Jones' cross motion (#15) is DENIED.  The Court further

ORDERS that Jones' motion for summary judgment on BONY's counterclaims (#23) is DENIED.

**SIGNED** at Houston, Texas, this  22nd  day of  January , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE