```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

GUY JONES,                          §
                                    §
     Plaintiff/Counter Defendant,   §
                                    §
VS.                                 §   CIVIL ACTION NO. H-13-2414
                                    §
THE BANK OF NEW YORK MELLON         §
F/K/A THE BANK OF NEW YORK, AS      §
TRUSTEE FOR CERTIFICATEHOLDERS      §
OF CWABS, INC.,                     §
                                    §
     Defendant/Counter Plaintiff,   §
```

## OPINION AND ORDER

The above referenced action challenges a foreclosure on Plaintiff/Counter Defendant Guy Jones' ("Jones'") homestead at Site 74 of Garden Villas, 7025 East Alpine, Houston, Texas 77061 in Harris County ("the Property"), in which this Court previously granted summary judgment (instruments #30 and 31) on statute of limitations grounds on January 22, 2015 in favor of Defendant/Counter-Plaintiff The Bank of New York Mellon ("BONY"), f/k/a Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., and denied Jones' motion for summary judgment on BONY's counterclaim for breach of contract, judicial foreclosure, and declaratory judgment. Pending before the Court are Jones' motion to reconsider the denial of his summary judgment motion on BONY's Counterclaims (#32) and BONY's amended motion for summary judgment on its judicial foreclosure claim (#36), which supersedes its previous one (#34).

For the reasons stated below, the Court reaffirms its order of summary judgment on limitations grounds and its denial of Jones'

-1-

motion for summary judgment (#30). However because it now realizes that BONY's counterclaim for breach of contract, judicial foreclosure, and declaratory judgment is still pending, it vacates its final judgment (#31). Furthermore, for the reasons cited below, it denies Jones' motion for reconsideration of the denial of his motion for summary judgment. (#32).

### Standard of Review

Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration,[1] courts address such motions under Rules 54(b) for interlocutory orders, and 59[2] and 60[3] for final judgments. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009), *citing Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991); *U.S. Bank*

---

[1] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

[2] If filed within twenty-eight days of entry of judgment, it falls under Fed. R. Civ. P. 59(e) as a motion to alter or amend judgment. The standard for granting a motion to reconsider under Rule 59(e) is strict: a party may file such a motion "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[3] If not filed within 28 days, but within a year of entry of final judgment (Rule 60(c)), it is a motion for relief from judgment under Rule 60(b). Under Rule 60(b)(1-6) relief is available for "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released of discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively it is no longer equitable; or (6) any other reason that justifies relief." *In re Vioxx Products Liability Litig.*, 509 Fed. Appx. 383, at *3 (5th Cir. Jan. 31, 2013).

*Nat'l Assoc. v. Verizon Communications, Inc.*, Civ. A. No. 3:10-CV-1842-G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012). Motions to reconsider are usually "not the proper vehicle for rehashing evidence or legal theories, or raising arguments that could have been presented earlier." *Dos Santos*, 651 F. Supp. 2d at 553;   *Id.* at 478-79.

Because the Court is vacating its final judgment (#31) in this case because BONY's counterclaim for judicial foreclosure was unresolved, and thus its order denying Jones' motion for summary judgment was interlocutory, his motion for reconsideration properly falls under Rule 54(b)("[A]ny order or other decision, however designated, that adjudicates fewer than all claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the parties' rights and liabilities.").

"Thus Rule 54(b) expressly allows for revision of an interlocutory order before entry of final judgment" and can be reopened at the discretion of the district judge. *Elephant Butte Irr. Dist. of New Mexico v. U.S. Dept. of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008), *cert. denied*, 555 U.S. 1172 (2009). *See also All-Pro Reps, Inc. v. Lukenbill*, 961 F.2d 216, Nos. 90-16397, 90-16430, 1992 WL 84295, at *2 (9th Cir. Apr. 22, 1992)(noting that an interlocutory order does not have a res judicata effect), citing *Luben Indus., Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983)(an unappealable decision is "not sufficiently firm to give it

collateral estoppel effect."). Thus the standards for granting reconsideration of an interlocutory order under Rule 54(b) "are somewhat looser than those under Rule 59(e)."  *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474 (M.D. La. 2002)(district courts have considerable discretion in determining whether to reconsider an interlocutory order); *Brown v. Wichita County, Tex.*, No. 05-108, 2011 WL 1562567, at *1 (N.D. Tex. Apr. 26, 2011)(While the exact standard for deciding a Rule 54(b) is unclear, "whether to grant such a motion rests within the discretion of the court" and "the district court's discretion in this respect is broad."). With an interlocutory order, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespeare v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *rev'd on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (1994)(*en banc*).

### Jones' Motion for Reconsideration (#32)

Jones argues that because the Texas Constitution must be strictly complied with in creating a loan on homestead property, BONY does not have a valid lien on Jones' homestead because the Note on its face charged more than three percent of the loan amount in fees in violation of Article XVI, Section 50(a)(6)(E),[4] and BONY

---

[4] Section 50(a)(6)(E) provides, "The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for: . . . an extension of credit that: . . . does not require the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain,

did not cure the defect by refunding $117.25 to Jones. Even if BONY does have a valid lien, that lien does not comply with Section 50(c) and thus is not necessarily "foreclosable." *See Larry and Bonnie Hutto v. Carrington Mortgage Services LLC, et al.,* Cause No. 2012-08693, slip op. ("Findings of Fact and Conclusions of Law") (55th Judicial District Ct. Jan. 29, 2015)(copy at Ex. E)(lender's failure to comply with the Texas Constitution's requirements for a home equity lien, without its curing of that violation, was sufficient to render the lien "unforclosable.").

### BONY's Response (#33)

Jones' mortgage originated on June 4, 2004. In *Priester v. JPMorgan Chase Bank*, 708 F.3d 667, 674-75 (5th Cir. 2012), making an *Erie* guess,[5] the Fifth Circuit held that the four-year statute of limitations, which begins to run at the creation of the lien, applies to constitutional infirmities under the Texas Constitution Art. XVI, § 50(a)(6) and Tex. Civ. Prac. & Rem. Code § 16.051 ("Every action for which there is no express limitations period, except an action for recovery of real property, must be brought not later than four years after the day the cause of action accrues."),

---

record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original amount of the extension of credit."

[5] *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938). As this court indicated in its Opinion and Order (#30) at pp. 10-12 & nn.4 and 5, where the state's highest court has not ruled on an issue, the district court may look at decisions of intermediate appellate state courts and other jurisdictions and general policy concerns for guidance in making a guess as to how the Texas Supreme Court might rule. Jones' reliance on the unpublished *Hutto* case from a district court does not persuade the Court that its *Erie* guess must be amended.

*cert. denied*, 134 S. Ct. 196 (2013)). "[L]iens that are contrary to the requirements of § 50(a) [of the Texas Constitution] are voidable rather than void from the start." *Id,* at 674, n.14. "To the extent that a constitutional claim under Section 50(a)(6) renders a lien voidable rather than void, once the period of limitations has passed, the lien is no longer voidable and is valid." *Id.* at 678. Because Jones did not attempt to invalidate the mortgage during the four-year limitations period and because he failed to assert the constitutional defects as a defense to foreclosure for ten years, BONY's lien is valid and foreclosable as a matter of law. Furthermore, the Fifth Circuit reaffirmed *Priester* in *Moran v. Ocwen Loan Servicing, LLC*, 560 Fed. Appx. 277, 279-80 (5th Cir. Mar. 24, 2014). In addition it held in *Moran* that the borrower cannot use a declaratory judgment action under the Texas Constitution as a defense to foreclosure to circumvent the four-year statute of limitations. *Id*. at 279, *citing Priester*, 708 F.3d at 671-72, 674-75 (dismissing declaratory judgment action under the four-year statute of limitations).

### Court's Ruling

Because BONY's counterclaim has not been resolved, the Court ORDERS that its final judgment (#31) is VACATED. Because BONY's not-yet-ripe, amended motion for summary judgment on its counterclaim for judicial foreclosure (#36) supersedes its earlier motion (#34), #34 is MOOT. #36 remains pending.

This Court notes that not only has the Fifth Circuit recently again reaffirmed its decision in *Priester* in *Smith v. JP Morgan Chase Bank*, 594 Fed. Appx. 221, 221-223 (5th Cir. Nov. 5, 2014), but

points to "subsequent Texas decisions that have followed Priester's reasoning and validated its holding." *Id.* at 223.

Because the Court ruled on the issues raised in Jones' motion to reconsider the denial of its motion for summary judgment in its previous order and has not changed its mind, and because it agrees with BONY that Jones' argument fails as a matter of law, the Court

ORDERS that Jones' motion to reconsider the denial of his summary judgment motion on BONY's Counterclaims (#32) is DENIED.

**SIGNED** at Houston, Texas, this  16th  day of  April , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE