IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GUY JONES, §
§
    Plaintiff/Counter-Defendant, §
§
V. §   CIVIL ACTION NO. H-13-2414
§
§
THE BANK OF NEW YORK MELLON §
F/K/A THE BANK OF NEW YORK, AS §
TRUSTEE FOR CERTIFICATE- §
HOLDERS OF CWABS, INC. §
§
    Defendant/Counter-Plaintiff. §

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Counter-Plaintiff the Bank of New York Mellon's ("BONY"), F/K/A The Bank of New York, as Trustee for Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2003-BC5, Amended Motion for Summary Judgment on its Counterclaim for Judicial Foreclosure (Document No. 36). Plaintiff/Counter-Defendant Guy Jones ("Plaintiff" or "Jones") has filed his First Amended Response to Defendant's Motion for Final Summary Judgment (Document No. 42) and argues that BONY cannot foreclose on the Property because its lien is invalid. BONY has filed a Reply (Document No. 44). Having considered the Motion, Response, and Reply, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that BONY's Amended Motion for Summary Judgment on its Counterclaim for Judicial Foreclosure be GRANTED, and that an order of judicial foreclosure be issued authorizing the judicial foreclosure of the Property.

## I. Background

Plaintiff owns a home at Site 74 of Garden Villas, 7025 East Alpine, Houston, Texas 77061 ("the Property"), which was purchased with a note and accompanying deed of trust.  (Plaintiff's Original Petition and Request for Disclosures, Attached at Exhibit A-2 to Notice of Removal, document No. 1, hereinafter Original Petition, p. 3 ¶ 11).  BONY is the current owner of that note and deed of trust.  On June 27, 2012, Jones filed the instant action in the 55th District Court of Harris County, Texas, Cause No. 2013-38430, seeking to stop BONY's scheduled home-equity foreclosure of the Property.  According to Jones, BONY's Notice of Foreclosure is invalid because BONY's uncured constitutional violations have rendered BONY's lien *ab initio*.  Jones claims that BONY is barred from accelerating the note and foreclosing on the Property because the four-year statute of limitations in Texas Civil Practice & Remedies Code § 16.035(b) expired, and therefore BONY has no right or power to foreclose on the Property.  Jones also claims that BONY breached the deed of trust and he seeks to quiet title.

On August 16, 2013, BONY timely removed the instant action to this Court on the basis of diversity. (Document No. 1).  Thereafter, BONY filed a motion for summary judgment, arguing that Jones is not entitled to relief on any of his claims.  BONY argues that Jones's claims are time-barred by Texas' residual four-year statute of limitations, Tex. Civ. Prac. & Rem. Code § 16.051, and by the Fifth Circuit's ruling in *Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667 (5th Cir. 2013); and that Jones's breach-of-contract and quiet-title claim are likewise without merit because the claims are derivative of the time-barred claims.  In an Opinion and Order entered January 22, 2015, (Document No. 30), the Court granted summary judgment in favor of BONY on limitations grounds, and denied Jones's motion for summary judgment.

Thereafter, Jones moved the Court to reconsider the denial of his summary-judgment motion, and BONY filed an amended motion for summary judgment for judicial foreclosure. Jones argues that BONY did not have a valid lien on the Property because of violations of Article XVI, § 50(a)(6)(E) of the Texas Constitution by charging more than three percent of the loan amount in fees. In its Opinion and Order entered April 16, 2015, the Court denied Jones's motion to reconsider and reaffirmed its order of summary judgment on limitations grounds and its denial of Jones's motion for summary judgment. The Court held that "BONY's lien is valid and forecloseable as a matter of law." (Document No. 38, p. 6). But because BONY's counterclaim has not been resolved, the Court vacated its final judgment pending resolution of BONY's amended motion for summary judgment on its counterclaim for judicial foreclosure.

## II. Undisputed Facts

On or about June 4, 2003, Jones obtained a home-equity loan for the purchase of the Property in the principal amount of $131,900 from Aames Funding Corp. d/b/a Aames Home Loans ("Aames"). (Document No. 36, Exhibit A-Texas Home Equity Note & Exhibit B-Texas Home Equity Security Interest). The Texas Home Security Interest was recorded in the Harris County Property Records on or about June 11, 2003 under Filing No. 200180297. (Document No. 36, Exhibit B). On or about September 25, 2010, the Note and Deed of Trust were assigned to BONY. (Document No. 36, Exhibit C). Nationstar Mortgage LLC ("Nationstar") services the Loan. (Document No. 36, Exhibit D). Jones failed to make his February 1, 2008, payment until August 11, 2008, and has made no further payments. (Document No. 36, Exhibit D-Affidavit of A.J. Loll). On or about August 12, 2008, the servicer of the Loan, at that time, Countrywide Home Loans, sent Jones notice of his default, with an intent to accelerate the amounts due under the Note. (Document No. 36, Exhibit E-Notice of Default and Notice of Acceleration). On January 20, 2012, BONY sent

Jones a Notice of Acceleration  (Document No. 36, Exhibit F-Affidavit of Becky Howell, with Notice of Acceleration & Exhibit D).

## III.  Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The substantive law governing the claim at issue determines which facts are material.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250.  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).  The moving party bears the burden of identifying evidence that no genuine issue of material fact exists.  *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986).  Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial.  *See Celotex*, 477 U.S. at 324.

The Magistrate Judge has considered the documents attached to BONY's Motion (Document No. 36, Exhibits A-G).  These include:  (1) the Texas Home Equity Note dated June 4, 2003, naming

Jones has the borrower and Aames as the Lender (Document No. 36, Exhibit A); (2) the Texas Home

Equity Security Instrument (Document No. 36, Exhibit B); (3) the Assignment of the Note and Deed

of Trust to BONY (Document No. 36, Exhibit C); (4) the Affidavit of A.J. Loll referencing the

Demand Letter sent to Jones dated August 12, 2008, the Reinstatement Quote for the relevant Loan,

and the Payoff Quote for Loan (Document No, 36, Exhibit D); (5) the Notice of Default and Intent

to Accelerate (Document No. 36, Exhibit E); (6) the Affidavit of Becky Howell and attached January

20, 2012 Notice of Acceleration (Document No. 36, Exhibit F); and (7) the Affidavit of Derrick B.

Carson (Document No. 36, Exhibit G).

## IV.  Discussion-BONY's Counterclaim

BONY has counterclaimed for breach of contract and argues that it is entitled to an order to

foreclose on the Property.  BONY also seeks its attorneys' fees and costs incurred in foreclosing on

the Property. (Document No. 36).  Jones continues to argue that BONY's lien is invalid due to

violations of the Texas Constitution.  As discussed above, however, the Court has already rejected

Jones's contention and has held that BONY's lien is valid as a matter of law.

Under Texas law, to foreclose under a security instrument with a power of sale, the lender

must show that (1) a debt exists; (2) the debt is secured by a lien created under Texas Constitution

Art. XVI, § 50(a)(6); (3) the plaintiff is in default under the note and security instrument; and (4)

plaintiff received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d

732, 740 (S.D.Tex. Dec. 19, 2013), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014), *cert. denied*, 135 S.Ct.

1718 (2015).  Here, the undisputed summary-judgment evidence establishes the debt, the lien created

under § 50(a)(6) for home equity loans, Jones's default, and that Jones received notice of default and

acceleration.  BONY has, therefore, established its right to foreclose as a matter of law because all

the requirements for judicial foreclosure have been met.

Bony also seeks to recover $7,693.94 in attorney fees and costs as specifically provided by the Deed of Trust, which states in pertinent part:

> 21.   Acceleration; Remedies.   Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise).   The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.   The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.   If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.   *Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.*

(Document No. 36, Exhibit B, ¶ 21)(emphasis added).   The Note also expressly provides for recovery of BONY's costs and attorneys' fees because it states, in pertinent part:

> 6(E) Payment of Note Holder's Costs and Expenses
> *If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees.*   I understand that these expenses are not contemplated as fees to be incurred in connection with maintaining for servicing this Extension of Credit.

(Document No. 36, Exhibit A)(Emphasis added).   BONY's request to recover its attorneys' fees and costs as provided by the Note and Deed of Trust should be granted. *See Huston*, 988 F.Supp.2d at 741.

**V.  Conclusion**

For the reasons set forth above, the Magistrate Judge RECOMMENDS that Counter-Plaintiff BONY's Amended Motion for Summary Judgment on its Counterclaim for Judicial Foreclosure (Document No.36) be GRANTED and that an order of judicial foreclosure of the Property be entered.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal.  *See Douglass v. United Serv. Auto Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 14th day of August, 2015

Frances H. Stacy
United States Magistrate Judge