United States District Court
Southern District of Texas
**ENTERED**
July 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUY JONES, | § |
| | § |
|    Plaintiff/Counter Defendant, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-13-2414 |
| | § |
| THE BANK OF NEW YORK MELLON | § |
| F/K/A THE BANK OF NEW YORK, AS | § |
| TRUSTEE FOR CERTIFICATEHOLDERS | § |
| OF CWABS, INC., | § |
| | § |
|    Defendant/Counter Plaintiff, | § |

<u>OPINION AND ORDER</u>

Pending before the Court in the above referenced cause, removed from state court, is Defendant/Counter Plaintiff The Bank of New York Mellon ("BONY"), as Trustee for Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2003-BC5's motion pursuant to Federal Rule of Civil Procedure 60(a)[1] to correct judgment, which, due to oversight or omission, fails to conform to the requirements for an order allowing judicial foreclosure under

---

[1] Rule 60(a) states,

**(a) Corrections Based on Clerical Mistakes: Oversights and Omissions.** The court may correct a clerical mistake of a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

-1-

Rule 309 of the Texas Rules of Civil Procedure.[2]

Rule 60(a) authorizes the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . ." It applies "where the record makes apparent the court intended one thing but by mere clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature . . . ." *In re West Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994). Rule 60(a) allows correction of mistakes by parties as well as by the clerk of the court. *Id.* at 503-04. Based on the Court's Opinion and Order (#30) of January 22, 2015 granting the BONY's motion for summary judgment on Plaintiff Guy Jones' claims as barred by limitations filed by Defendant/Counter Plaintiff, and on its Opinion and Order entered on September 29, 2015 granting summary judgment on BONY's Counterclaim for judicial foreclosure

---

[2] Rule 309 provides in relevant part,

Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt . . . with a foreclosure of the plaintiff's lien on the property subject thereto, and . . . that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, in the case of ordinary executions.

(#47), the Court entered Final Judgment (#48) in favor of BONY on September 29, 2015, stating, "BONY is authorized to execute the judicial foreclosure sale of Jones' property at 7025 East Alpine Drive, Houston, Texas 77006." Thus the judgment authorizes BONY to conduct a judicial foreclosure, but fails to explicitly state that BONY can "recover [its] debt . . . with a foreclosure" and "that an order of sale shall issue to any sheriff or constable within the State of Texas . . . ." Because the "omission" of this language in Rule 309 arguably prevents BONY from exercising the rights the Court intended it to have,  BONY asks the Court to amend the judgment to conform to the requirements of Texas Rule of Civil Procedure 309.  BONY is not asking the Court to reconsider any issue of substance underlying the Judgment, nor to adjudicate an issue not previously reached or to modify a prior adjudication, but only to amend the Judgment to make "corrections that are consistent with the court's  intent at the time it entered the judgment."  *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984).  Where an addition to the judgment is adding directions for carrying the judgment into effect, the addition **does not** "effect a substantive change in the court's order."  *Canada v. Wells Fargo Bank, N.A.*, 2-07-437-CV, 2009 WL 279379, at *2 (Tex. App.--Fort Worth Feb. 5, 2009, no pet.).  Here the requested correction does not affect the substance of the judgment, but simply adds "necessary directions for carrying the judgment into effect."  *Id.*

-3-

### Plaintiff's Response (#52)

Plaintiff Guy Jones asks the Court to deny BONY's motion because he maintains that it properly should be brought under Rule 60(b)(1), which states in relevant part, "The Court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . "  Rule 60(b)(1) applies because BONY seeks relief from its own mistake, inadvertence or excusable neglect.  This Court granted BONY exactly what it prayed for in its motion for summary judgment (#36 at p. 5) and final judgment (#48): "a final judgment that Plaintiff take nothing on his claims, order the judicial foreclosure sale of the Property, award BONY its reasonable and necessary attorney's fees and costs, and grant it all other relief in law or inequity, to which it may be justly entitled."  If a motion is filed more than twenty-eight days after entry of the judgment, but not more than one year after entry of judgment, it is governed by Rule 60(b).

There was no omission or oversight or clerical error here, insists Plaintiff.  Any error in the judgment that BONY requested was BONY's.  And BONY failed to move to alter the judgment within the required one year.  *M/V Edith Pearl, LLC v. St. John Fleeting, Inc.*, 2013 WL 6234594, *1 (Dec. 2, 2013), citing Rule 60(c)("a motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more that a year after entry of

-4-

the judgment or order or the date of the proceeding.").  Thus the motion to correct judgment has expired and should be denied.

### BONY's Reply (#53)

Insisting that Plaintiff is wrong, BONY does not ask that any party be relieved from the judgment; instead it asks the Court to give the judgment it appropriate legal effect.  *Canada*, 2009 WL 279379, at *2 ("The addition of the order of sale language to the judgment, however, did not effect a substantive change in the court's order; rather it added necessary directions for carrying the judgment into effect.")(internal quotations and citations omitted).  BONY seeks to have the judgment corrected so that it complies with Texas Rule of Civil Procedure 309.  When BONY filed its motion for summary judgment on its counterclaim for judicial foreclosure, it concurrently filed a proposed order (#36-8; amended #46) that complied with Rule 309.  Plaintiff's argument that the "Court granted BONY exactly what it argued for and prayed for" is disingenuous at best.

Moreover, unlike Rule 60(b) with its strict one-year limit for filing, a motion filed under Rule 60(a) can be filed at any time ("whenever one [clerical mistake or a mistake arising from oversight or omission] is found in a judgment").  *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998).

### Court's Decision

After carefully reviewing the record and the applicable law,

the Court concurs with BONY and accordingly

ORDERS that BONY's motion to correct judgment (#49) is GRANTED.  An amended judgment on BONY's amended motion for summary judgment on its counterclaim for judicial foreclosure will issue by separate instrument.

SIGNED at Houston, Texas, this __20th__ day of __July__, 2017.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE